UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA A. WILLIAMS, | ) |
| Petitioner, | ) |
| v. | ) No. 4:18 CV 1084 MTS |
| CHRIS MCBEE, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Lisa A. Williams's application for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner raises four grounds for relief in her petition. For the reasons set forth below, habeas relief will be denied.

## Background

In the petition, petitioner avers she is challenging a judgment of conviction entered by the Circuit Court for Dunklin County in the case *State v. Williams*, No. 14DU-CR00750-01 (35th Jud. Cir. Sept. 18, 2014). There, petitioner pleaded guilty to second-degree burglary on September 18, 2014,[1] and was sentenced on that same date to a ten-year term of incarceration. Petitioner did not seek direct review.[2] She filed the instant petition on June 18, 2018.

---

[1] On this same date petitioner's probation was revoked in *State v. Williams*, No. 10DU-CR00014 (35th Jud. Cir. Sept. 18, 2014). She was sentenced to six years, concurrent with the ten-year term of incarceration in *State v. Williams*, No. 14DU-CR00750-01 (35th Jud. Cir. Sept. 18, 2014).

[2] In the petition, petitioner checked "yes" when asked whether she appealed from the judgment of conviction. However, she describes the "appeal" as a form or a motion she filed in her criminal case, and review of Missouri Case.net fails to show that petitioner sought direct review of the judgment of conviction.

## Grounds for Relief

1. Petitioner asserts that she is being forced to serve 80% of her sentence.[3]

2. Petitioner asserts that the Records Department/Grievance Process at Chillicothe Correctional Center fails to provide her with adequate relief.[4]

3. Petitioner asserts that her post-conviction counsel was ineffective for convincing petitioner to dismiss her post-conviction action.

4. The prosecuting attorney, as well as the Judge, were both prosecutors who used petitioner as a confidential informant on prior criminal cases. Petitioner asserts that these individuals should have been conflicted from involvement in her criminal case.

## Timeliness of Petition

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[3] The United States Supreme Court has repeatedly held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). See also Wainwright, 464 U.S. at 83 ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension"). Because Petitioner's current claim for relief is not based on any federal constitutional requirement, his petition must be summarily rejected.

[4] This issue is not cognizable in habeas corpus as it does not relate to her conviction or sentence. It is more appropriately addressed pursuant to 42 U.S.C. § 1983.

>    recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In Missouri criminal cases, a judgment becomes final when sentence is imposed, *State v. Larson*, 79 S.W.3d 891, 893 (Mo. 2002) (*en banc*), and a notice of appeal must be filed not later than ten days thereafter. Mo. Sup. Ct. R. 30.03. As such, petitioner had ten days from September 18, 2014, the date sentence was imposed, within which to seek direct review of her sentence. Because petitioner did not seek direct review, judgment became final for purposes of the federal habeas statute on September 28, 2014, the date upon which the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

As noted above, petitioner failed to file a direct appeal of her conviction or sentence; however, she did file a post-conviction motion for relief pursuant to Missouri Supreme Court Rule 24.035 on January 20, 2015. *See Williams v. State*, No. 15DU-CC00005 (35th Jud. Cir. January 20, 2015). By this time, 115 days of the one-year statute of limitations had passed. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005) (finding that the period between the completion of direct review of the state court judgment and the application for post-conviction relief is counted towards the one-year limitation period); *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 854 (8th Cir. 2003).

3

Petitioner then filed a motion to voluntarily dismiss her post-conviction action on July 23, 2015. *See Williams v. State*, No. 15DU-CC00005 (35th Jud. Cir. July 23, 2015). The Court granted the motion and dismissed the case on July 24, 2015. *Id*.

By the time petitioner attempted to refile a second post-conviction action on October 7, 2016, *Williams v. State*, No. 16DU-CC00094 (35th Jud. Cir. Oct.7, 2016), 441 days had passed in between the two actions.

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period for filing a federal habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002). Petitioner did not file the instant habeas corpus action until June 18, 2018, which was over two years past the time she voluntarily dismissed her first post-conviction action.[5] Her second post-conviction action could not be said to be "properly filed," as it was not filed "within 180 days of the date the sentence [was] entered." *See* Missouri Supreme Court Rule 24.035.

In this case, petitioner filed nothing else during the one-year limitations period that could be considered a properly filed application for State post-conviction or other collateral review. Therefore, the Court finds that petitioner's application for habeas corpus is time-barred and subject to dismissal.[6]

---

[5] Petitioner filed the instant habeas exactly 2 years, 11 months and 25 days past the date her first post-conviction action was dismissed. If you add this time to the 115 days that had passed between her conviction and the filing of the post-conviction action, her habeas was filed more than three (3) years late.

[6] To the extent petitioner is attempting to file for writ of habeas corpus as to her probation revocation in *State v. Williams*, No. 10DU-CR00014 (35th Jud. Cir. Sept. 18, 2014), this action would also be time-barred. Under Missouri state law, the sole avenue for relief for a person challenging a probation revocation is to file a petition for writ of habeas corpus under Missouri Supreme Court Rule 91 in the Circuit Court for the county of confinement. State prisoners may not directly appeal an order revoking their probation, *Winegar v. State*, 967 S.W.2d 265, 266 (Mo. Ct. App. 1998) (citation omitted), nor are such orders normally reviewable under Missouri Supreme Court Rules 29.15 or 24.035. *Teter v. State*, 893 S.W.2d 405, 405-06

To the extent plaintiff is attempting to excuse her late filing based on ineffective assistance of counsel, such an argument fails.

First and foremost, the Court finds that petitioner signed the motion to voluntarily dismiss her post-conviction action. *See Williams v. State,* No. 15DU-CC00005 (35th Jud. Cir. January 20, 2015). Furthermore, in the motion to voluntarily dismiss her post-conviction action, petitioner stated that she understood the consequences of doing so:

> COMES NOW, Movant, Lisa Ann Williams, and pursuant to Rule 67.02, voluntarily dismisses her above-captioned Rule 24.035 action for post-conviction relief. Movant understands that when 180 days have expired since the date of her delivery to the Department of Corrections, she is barred from filing any further claims or motions pursuant to Rule 24.035 concerning her underlying criminal convictions(s) in Dunklin County Case No. 14DU-CR00750-01.

And despite understanding the consequences of not filing another post-conviction motion before 180 days of entering the Department of Corrections, petitioner failed to timely file such a motion.

Equitable tolling can apply to the one-year statute of limitations for a motion to vacate under 28 U.S.C. § 2253 and excuse an untimely filing "where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *United States v. Martin*, 408 F.3d 1089, 1092-93 (8th Cir. 2005) (citations omitted). Equitable tolling should only apply where the movant has demonstrated that she has been pursuing her rights diligently. *See id*. at 1095 (citation omitted). Equitable tolling is an extraordinary remedy used only in rare circumstances, and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267

---

(Mo. Ct. App. 1995). In the context of 28 § 2244(d)(1)(A), petitioner's September 18, 2014 probation revocation was final on that date, as direct review was not an option. *See Davis v. Purkett,* 296 F. Supp. 2d 1027 (E.D. Mo. 2003) (concluding that the petitioner's probation revocation was "final" for purposes of § 2244(d)(1)(A) on the day the trial court entered it, in the sense that direct review was unavailable). Thus, petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 relative to her probation revocation was due to this Court no later than September 18, 2015.

F.3d 803, 805 (8th Cir. 2001). Application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Although petitioner blames her lawyer for convincing her to dismiss her post-conviction action, the document she signed sets forth the time by which she needed to file a second post-conviction action or face a difficulty in meeting the statute of limitations under 28 U.S.C. § 2254. Yet, petitioner failed to file another post-conviction motion in a timely manner, waiting over 441 days to do so. And she has failed to indicate why she waited so long to file her second post-conviction action which was clearly untimely.

Petitioner has also failed to set forth factual allegations as to why it is her allegedly her post-conviction counsel's fault that her habeas application is untimely. She has also not articulated how or why he allegedly "talked her into" dismissing her post-conviction motion to vacate. Rather, petitioner's allegations are made up of nothing more than conclusory statements. The Court is not required to accept such conclusory allegations as true. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").

Even if petitioner could show that her counsel was somehow deficient, such as by failing to file something on her behalf, the Eighth Circuit Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling of the statute of limitations. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("[i]neffective assistance of counsel generally does not

6

warrant equitable tolling"); *Sellers v. Burt*, 168 Fed. Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed. Appx. 736, 737 (8th Cir. 2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion).

Last, petitioner appears to argue that she has been subjected to a miscarriage of justice. Specifically, petitioner claims that the prosecuting attorney, as well as the judge in her criminal case, were both prosecutors who used petitioner as a confidential informant on prior criminal cases in Dunklin County. Petitioner asserts that these individuals should have been conflicted from involvement in her criminal case.

There is no indication that petitioner's claims of actual innocence are credible such that they should toll the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (in which the Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass ... [through the] expiration of the statute of limitations").

"To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In this case, the only evidence put forward by petitioner are her own conclusory allegations. If, in fact, there had been such a conflict, her criminal attorney would have been aware of the conflict and raised it prior to her guilty plea and sentencing in Dunklin County.

7

Petitioner has not shown that she was diligent in pursuing her rights with both the state and federal court or that extraordinary events were so beyond her control that she was unable to file documents seeking relief from her convictions and sentences. *Holland v. Florida*, 560 U.S. 631 (2010). Because petitioner's filing of the instant action was more than three years late, her application for relief must be denied and dismissed.

**Petitioner's 2014 Sentence for Theft Does Not Violate the Due Process Clause and Cannot Form a Basis for Equitable Tolling**

Last, petitioner asserts that her September 25, 2014 seven-year sentence for theft, *State v. Williams*, No. 14PE-CR00426-01 (34th Jud. Cir. Sept. 25, 2014)[7], violates the Due Process Clause of the Fourteenth Amendment because the State has failed to show an element necessary to enhance her sentence from a misdemeanor to a felony. Petitioner's sentence was enhanced to a felony pursuant to § 570.030.3,[8] which provides an enhancement to a class C felony for "any offense in which the value of property or services is an element" if certain conditions are met. After petitioner pled guilty and the deadline for her to file a direct appeal passed, the Missouri Supreme Court found that the value of property or services is not an element of the crime to which petitioner pled guilty. *State v. Bazell*, 497 S.W.3d 263 (Mo. 2016). Petitioner claims here that in light of *Bazell*, her sentence violates the Fourteenth Amendment.

Interpretation of state statutes, like the felony enhancement statute, is the role of state courts, not federal courts. *See Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991). Petitioner

---

[7]Petitioner was sentenced to seven years' imprisonment, to run concurrent with her sentences in Dunklin County. She failed to file an appeal of her sentence.
[8]"Effective January 1, 2017, § 570.030 no longer contains the same language addressed in *Bazell*." *Hamilton v. State*, 598 S.W.3d 607, 609 n.2 (Mo. 2020).

8

cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Whether her sentence is appropriate under Missouri law is a decision for state courts. The Missouri Supreme Court determined *Bazell* does not apply retroactively. *See State ex rel. Windeknecht v. Mesmer*, 530 S.W.3d 500 (Mo. 2017). Because petitioner's sentence is valid under Missouri law, petitioner has not stated a cognizable claim for federal habeas relief.

Petitioner's claim also fails on the merits because *Bazell* does not apply retroactively to cases that have completed direct review. As set forth in the Missouri Supreme Court case of *Fite v. Johnson*, 530 S.W.3d 508 (Mo. 2017).

> Section 570.030.3(1) purports to enhance the offense of stealing from a misdemeanor to a felony when "the value of property or services is an element" and the value of the stolen property or services exceeds $500 but is less than $25,000. The value of the stolen property or services, however, "is not an element of the offense of stealing." *Bazell,* 497 S.W.3d at 266. *Although State v. Passley*, 389 S.W.3d 180, 182–83 (Mo. App. 2012), held stealing is a felony when the value of the stolen property exceeds $500, *Bazell* held this interpretation "should no longer be followed" because the felony enhancement does not apply to the offense of stealing as defined by § 570.030.1. *Bazell,* 497 S.W.3d at 267 n.3; *State v. Smith*, 522 S.W.3d 221, 230 (Mo. banc 2017). As this Court held in *State ex rel. Windeknecht v. Mesmer,* SC96159, –– S.W.3d ––––, 2017 WL 4479200 (Mo. banc Oct. 5, 2017), this Court's interpretation of § 570.030.3(1) first enunciated in *Bazell* applies prospectively only, except in those cases pending on direct appeal.

*See King v. Prudden*, No. 4:18-CV-663 NCC, 2018 WL 6171441, at *2 (E.D. Mo. Nov. 26. 2-18).

Petitioner was sentenced on September 25, 2014 to the crime of theft. Ten days later, her deadline to file a direct appeal passed. *Bazell*, decided in 2016, therefore provides no relief in petitioner's request to reduce her sentence.

9

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for habeas corpus brought pursuant to 28 U.S.C.§2254 is **DENIED AND DISMISSED AS TIME-BARRED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of September, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE